**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antionette Ingram, ) | No. CV-06-0759-PHX-FJM |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Robert L. Stewart, Jr. et. al., ) | |
| )  Defendants. ) | |
| ) | |

The court has before it defendants' unopposed motion to dismiss (doc. 10). Defendants contend that plaintiff's complaint should be dismissed because it (a) does not contain a short and plain statement of the claims for relief, (b) does not provide defendants with a fair opportunity to frame a responsive pleading, and (c) fails to state a claim upon which relief can be granted.

Plaintiff's complaint arises out of a dispute with defendant Century 21 Northwest Realty involving maintenance repairs and payment of rent. The complaint consists of an eighteen-page rambling narrative of factual allegations and conclusory legal statements. A complaint should not contain "narrative ramblings," but instead should attempt to "link[] factual allegations to actual legal claims." McHenry v. Renne, 84 F.3d 1172, 1175-76 (9th Cir. 1996). "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." Id. at 1179.

1  The complaint in the instant case wholly fails to link specific factual allegations to
2  actual claims, leaving the defendants unable to understand the nature of claims lodged
3  against them. Moreover, the complaint fails to distinguish one defendant from another,
4  instead using the terms "defendant" and "defendants" interchangeably and inconsistently.
5  As a result it is impossible to determine which claims are asserted against which defendant.
6  The complaint does not contain a short and plain statement of claims for relief, nor does it
7  give defendants a fair opportunity to frame a responsive pleading. As such, plaintiff's
8  complaint fails to comply with Rule 8, Fed. R. Civ. P.

9  Plaintiff has demonstrated a certain lack of interest in prosecuting this case. The
10 complaint was filed on March 15, 2006. She effected service of process on January 16, 2007,
11 only after we issued a show cause order. She has now failed to respond to defendants'
12 motion to dismiss. Under LRCiv 7.2(i), if the opposing party "does not serve and file the
13 required answering memoranda, . . . such non-compliance may be deemed a consent to the
14 . . . granting of the motion and the Court may dispose of the motion summarily." We
15 normally grant a plaintiff's request to amend a complaint in order to comply with Rule 8. But
16 plaintiff has not sought such opportunity. Instead, by her failure to respond, she has opted
17 to rely on her complaint as submitted. The complaint wholly fails to comply with Rule 8.

18 Therefore, **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 10).

19 DATED this 19th day of March, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -